## Case No. 3,009.
### COLLINS v. AETNA INS. CO.
[1 Chi. Leg. News, 202.]
Circuit Court, N. D. Illinois. Oct., 1868.

FIRE INSURANCE — ELECTION OF INSURER TO REPAIR—ESTOPPEL.

[1. When the insurer, after a fire, elects to restore and repair, the policy then becomes a contract to put the house as nearly as possible in its condition before the fire.]

[2. Refusal of the insured to furnish a plan of the original house, so that it may be restored according thereto, estops him from complaining that the new part does not exactly correspond with the original.]

[This was an action by one Collins against the Aetna Insurance Company to recover damages.]

In a case where one Collins had insured a house in the Aetna Insurance Company, and the house had burned down, and the company had elected under the policy to rebuild it, Collins claiming that it had not been rebuilt as before the fire, and the company that Collins had not furnished plans, and given the necessary information as to the size, etc., of the house insured, MILLER, District Judge, instructed the jury as follows:

Gentlemen: The policy of insurance is a contract of indemnity, not for speculation on the part of the insured. In case of loss by fire, the assured is entitled to be indemnified for the amount of his loss, in money, or to be made whole by the company rebuilding and repairing the house insured. In this case, the company made the election to restore and repair. It then became a contract for the consideration of the premium paid by the assured, to restore and repair his house. The law requires the company to restore and repair the house as nearly as possible to its condition before the fire. In this case there is a mass of contradictory evidence which the jury will have to reconcile.

In this case there is a survey of the house produced. Of the extent of the specifications of that survey we have no knowledge. Defendant sent their carpenter to examine the burnt premises and estimate the amount necessary to restore and repair, and made a contract for the work according to the report. It is alleged, on the part of the defendant, that application was made to plaintiff for a plan of the original house, before it commenced the work, which plaintiff refused to give, alleging that the house could not be repaired. This is denied by plaintiff, and that the work was proceeded with and no such demand was made. This matter the jury must settle. If plaintiff refused the plan as alleged, on demand, he cannot complain if the plan of the new part of the building does not exactly correspond with that of the original house. As to the materials and workmanship, the jury must settle between the parties, from the great discrepancy of testimony. My opinion is that if defendant, by its workmen, took possession of the premises and set men to work in restoring the building, defendant then waived the notice of the fire, and of the extent of the injury, etc., as required by the policy. If you find for the plaintiff, the measure of damages is the expense in putting the house in the condition it was in before the fire.